# FARNWORTH v. DISTRICT COURT OF DAVIS COUNTY et al.

No. 6815.   Decided June 29, 1945.   (160 P. 2d 434.)

See 5 C. J. S. Appeal and Error, sec. 1453; Writ of prohibition, note. 77 A. L. R., 245. See, also, 42 Am. Jur., 165.

*D. A. Skeen* and *W. J. Mitchell,* both of Salt Lake City, for plaintiff.

*Grant H. Bagley, W. Q. Van Cott,* and *D. Eugene Livingston,* all of Salt Lake City, for defendant.

LARSON, Chief Justice.

This is an application for a writ of prohibition to permanently restrain the District Court of Davis County from taking further proceedings in case No. 2459, *Free* v. *Farnworth et al.,* without permitting petitioner to appear therein and defend against claims of her co-defendants against her property.

The original action was commenced by Roy Free in the District Court of Davis County against petitioner herein and others to quiet title to a certain piece of real estate, relying upon a tax title purchased by Free. The petitioner who was record title owner did not file an answer to the complaint. Certain other persons claiming various liens and interests in the land appeared and filed answers setting up their claims. No reply was filed. The court entered judgment for plaintiff quieting his title. Defendants, with the exception of petitioner, appealed to this court, and we reversed the judgment, holding that plaintiff could not quiet his tax title. *Free* v. *Farnworth et al.,* 105 Utah 583, 144 P. 2d 532, 536. The case was remanded to the District Court to enter new findings of fact, conclusions of law and judgment. After remittitur, petitioner appeared in the District Court and filed proposed findings and conclusions and an "answer" to the answer of the Regional Agricultural Credit Corporation, a co-defendant. Upon motion of the Regional Agricultural Credit Corporation this answer was stricken from the files and petitioner's motion for an order setting aside her default and for leave to appear was denied by the court. Petitioner then filed in this court a petition for writ of prohibition. An alternative writ issued.

Our mandate to the District Court in *Free* v. *Farnworth et al.*, supra, reads in full:

"The judgment of the district court is reversed, and the cause is remanded to the district court with directions to vacate the judgment and to enter findings of fact, conclusions of law, and judgment in accordance with the views herein expressed, without prejudice to the rights of the parties other than Free to have the priority of their rights and interests determined by the court. Appellants to recover their costs."

In reading the mandate we should keep in mind what was decided by the District Court and by this court on appeal. The trial court made findings as to the nature and validity of the various liens and interest claimed in the land. After finding that Free had a valid tax title, the court found that these lien claimants had no right or interest in the land. No issue was raised in this court as to the validity of the liens or other interests claimed by defendants. The only question before us was the validity of Free's tax title. We decided upon the authority of *Hadlock* v. *Benjamin Drainage Dist.*, 89 Utah 94, 53 P. 2d 1156, 106 A. L. R. 876; *Albergo* v. *Gigliotti*, 96 Utah 170, 85 P. 2d 107, 129 A. L. R. 967; and *Home Owners' Loan Corporation* v. *Stevens*, 98 Utah 126, 97 P. 2d 744, that Free could not quiet his title because it appeared from the evidence that while Free paid the taxes he did so in behalf of Mrs. Farnworth. She could not quiet a tax title against these defendants. We also found that Free had a lien of first priority to the extent of his expenditures for taxes—we put him in the position of the county to whom he paid the taxes.

The only judgment which had been entered by the trial court was a judgment quieting Free's tax title. When we set aside that judgment, the findings, conclusions and judgment were vacated, and the parties all stood in the same position as before final submission of the matter to the trial court. All the matters which were in issue under the pleadings were again before the trial court. This is so because there had been no adjudication of them.

The use in the mandate of the phrase "without prejudice to the rights of the parties" seems to have caused some confusion. We use that phrase to insure that the parties and the trial court would understand that all questions, other than as to tax title and the priority of Free's lien were not, and by our opinion did not become, res adjudicata. Being in the same position as before final submission to the trial court, the parties may proceed in any way they could have proceeded at that time. Upon submission of the cause to the court for its judgment, the court should follow our mandate and enter findings and judgment on all issues, being limited only by the holdings in our opinion in the Free case.

The matters of which complaint is made in the petition now before the court present questions as to error and not as to jurisdiction; they may involve a misinterpretation or misapplication of our holdings and mandate in the Free case, but do not involve a refusal to act under the mandate. They should be reached by appeal and not by prohibition.

The temporary writ of prohibition is recalled so that the district court may proceed to enter findings, conclusions and judgment as ordered by our mandate in *Free* v. *Farnworth*. Costs to defendants.

McDONOUGH, TURNER, WADE, and WOLFE, JJ., concur.